# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM ROBERT DIXON,

:

    Petitioner,                               Case No. 3:13-cv-103

:            District Judge Thomas M. Rose
   -vs-                                  Magistrate Judge Michael R. Merz

ROBERT LeGRANDE, et al.,

:

    Respondents.

## REPORT AND RECOMMENDATIONS

      This is a habeas corpus case under 28 U.S.C. § 2254 which is before the Court on transfer from the United States District Court for the District of Nevada (Doc. No. 3). Rule 4 of the Rules Governing § 2254 Cases provides that a habeas corpus case is to be reviewed by the court upon filing and dismissed if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.

      Upon examination of the Petition and exhibits, the Magistrate Judge finds that the Petition attacks the same judgment which is the subject of *Dixon v. Warden, Southern Ohio Correctional Facility*, Case No. 3:11-cv-150, to wit, Petitioner's judgment of conviction and sentence in the Montgomery County Common Pleas Court in that court's Case No. 05-CR-4213/4214. Compare Petition in 3:11-cv-150 (Doc. No. 1 at ¶ 1(b)) with Petition, Doc. No. 1, ¶ 8, PageID 12 and PageID 67.

      The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") amended 28 U.S.C. §2244(b) to read as follows:

> (b)
>
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)
> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Petitioner admits that he had previously filed a petition attacking this same conviction. He attempts to avoid the impact of § 2244(b) by asserting that the prior case was dismissed "for procedural reasons." (Petition, Doc. No. 1, ¶ 6, PageID 12.) On the contrary, Magistrate Judge Newman recommended that each of the claims in the prior Petition be dismissed on the merits and District Judge Rose adopted those recommendations over Mr. Dixon's Objections (See Doc. Nos. 19, 22 in Case No. 3:11-cv-150).

Because Mr. Dixon has received a decision on the merits of his first habeas corpus petition attacking the judgment on which he is now serving a sentence, he cannot be heard on a

second petition without the prior approval of the Sixth Circuit Court of Appeals.  Because he has not received that permission, the instant Petition should be dismissed without prejudice for lack of circuit court permission to proceed.

April 16, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).